United States District Court
Southern District of Texas

**ENTERED**

July 31, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PHILIPS E. MATTHEW, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-26-1769 |
| | § | |
| PNC BANK, N.A., | § | |
| | § | |
| Defendant. | § | |
| | § | |

## ORDER

Pending before the Court are Defendant's Motion to Strike Plaintiff's First
Amended Complaint, Document No. 7, and Motion for Judgment on the Pleadings
Pursuant to Rule 12(c) (Document No. 12); Plaintiff's Motion for Leave to File Third
Amended Complaint (Document No. 13); and Defendant PNC Bank N.A.'s Motion
to Strike and Response in Opposition to Plaintiff's Motion for Leave to File Third
Amended Complaint (Document No. 19).

## I. BACKGROUND

This is a matter involving alleged violations of the Fair Credit Reporting Act
("FCRA"). Plaintiff Philips E. Matthew contends that he took out a mortgage with
non-party BBVA Bank. Plaintiff contends that his payments were deferred but that
BBVA Bank nonetheless reported the aforementioned months as delinquent. At

some point after, Defendant PNC Bank N.A. (Defendant) acquired BBVA's assets and liabilities.

Based on the foregoing, on January 27, 2026, Plaintiff filed suit in the 189th District Court of Harris County, Texas, asserting claims against Defendant for: (1) violation of the FCRA; (2) "negligent credit reporting"; (3) "defamation/injury to credit reputation"; and (4) "breach of duty to correct known errors[.]"[1] On March 4, 2026, Defendant removed the case to this Court pursuant to both federal question jurisdiction and diversity jurisdiction.[2] On March 9, 2026, Plaintiff amended his complaint, removing all federal claims and bringing claims under Texas law for: (1) "negligent credit reporting"; (2) "defamation/injury to credit reporting"; and (3) "negligent failure to correct known errors[.]"[3] On April 2, 2026, Plaintiff filed, without leave of Court, a second amended complaint.[4] On June 29, 2026, Defendant moved to strike Plaintiff's second amended complaint and for judgment on the pleadings.[5] On June 30, 2026, Plaintiff moved for leave to file a third amended

---

[1] *See Notice of Removal*, Document No. 1, Exhibit A at 4–5 (*"Plaintiff's Original Complaint*).

[2] *See Notice of Removal*, Document No. 1 at 2–3.

[3] *Plaintiff's First Amended Complaint*, Document No. 5 at 2.

[4] *See Plaintiff's First Amended Complaint*, Document No. 7 at 1. Despite Plaintiff's titling of "First Amended Complaint" this is in fact Plaintiff's second amended complaint.

[5] *See Defendant's Motion to Strike Plaintiff's First Amended Complaint and Motion for Judgment on the Pleadings Pursuant to Rule 12(c)*, Document No. 12 at 1.

2

complaint.[6] On that same date, Plaintiff responded in opposition to Defendant's aforementioned motion.[7] On July 21, 2026, Defendant moved to strike Plaintiff's third amended complaint.[8] On July 27, 2026, Plaintiff responded in opposition.

## II. STANDARD OF REVIEW

"The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).   In deciding a Rule 12(b)(6) motion to dismiss for failure to state

---

[6] *See Plaintiff's Motion for Leave to File Third Amended Complaint*, Document No. 13 at 1.

[7] *See Plaintiff's Response in Opposition to Defendant's Motion to Strike and Motion for Judgment on the Pleadings*, Document No. 14 at 1.

[8] *See Defendant PNC Bank N.A.'s Motion to Strike and Response in Opposition to Plaintiff's Motion for Leave to File Third Amended Complaint*, Document No. 19 at 1.

3

a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

## III. LAW & ANALYSIS

The Court will consider, in turn, which complaint is the operative complaint in this matter and the merits of Defendant's motion for judgment on the pleadings. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### A. The Operative Complaint

The Court has reviewed the record in this matter and notes that Plaintiff first amended his complaint on March 9, 2026.[9] As such, the Court notes that Defendant's

---

[9] *See Plaintiff's First Amended Complaint*, Document No. 5 at 1.

4

pending motions to strike address Plaintiff's second and third amended complaints filed on April 2, 2026, and July 1, 2026, respectively. "A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it[.]" Fed. R. Civ. P. 15. Considering that Plaintiff amended his complaint on March 9, 2026, the Court finds that Plaintiff's second and third amended complaints, filed at Document 7 and 17, respectively should be struck as they were filed without leave of Court.[10] Accordingly, the Court finds that Defendant's pending motion at Document No. 12 should be granted in part with respect to striking Plaintiff's amended complaint at Document No. 7 and that Defendant's pending motion at Document No. 19 should be granted.[11] The Court will now consider the merits of Defendant's motion for judgment on the pleadings as it relates to Plaintiff's First Amended Complaint (Document No. 5).

---

[10] To the extent Plaintiff requests leave of Court, the Court finds that such request should be denied. As such, the Court finds that *Plaintiff's Motion for Leave to File Third Amended Complaint*, Document No. 13, should be denied.

[11] As such, the Court notes that the operative complaint in this matter is *Plaintiff's First Amended Complaint*, Document No. 5.

5

*B. Defendant's Motion for Judgment on the Pleadings*

Defendant contends that Plaintiff's claims "fall squarely within the subject matter governed by § 1681s-2 and are therefore expressly preempted."[12] In response, Plaintiff contends that his claims are not preempted because preemption only applies to "subject matter regulated under section 1681s-2."[13] The FCRA states, in relevant part, that "[n]o requirement or prohibition may be imposed under the laws of any State—(1) with respect to any subject matter regulated under . . . section 1681s-2 of the title, relating to the responsibilities of persons who furnish information to consumer reporting agencies[.]" 15 U.S.C. § 1681t(b)(1)(F). Section 1681s-2 concerns the "[r]esponsibilities of furnishers of information to consumer reporting agencies[.]" 15 U.S.C. § 1681s-2. Lastly, "no consumer may bring any action in the nature of defamation, invasion of privacy, or negligence with respect to . . . any person who furnished information . . . except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e).

The Court has reviewed the operative complaint in this matter and notes that Plaintiff's claims rest on the allegations that "PNC furnished inaccurate information about Plaintiff to one or more consumer reporting agencies" and that "PNC failed to

---

[12] *Defendant's Motion to Strike Plaintiff's First Amended Complaint and Motion for Judgment on the Pleadings Pursuant to Rule 12(c)*, Document No. 12 at 6.

[13] *Plaintiff's Response in Opposition to Defendant's Motion to Strike and Motion for Judgment on the Pleadings*, Document No. 14 at 1.

6

conduct a reasonable investigation, failed to correct the inaccurate information, and continued publishing false information."[14] Despite Plaintiff's contentions to the contrary, this is precisely the conduct that § 1681s-2 regulates.[15] Furthermore, even if Plaintiff's claims were no preempted, Plaintiff does not allege, nor provide any facts supporting that Defendant acted with malice or willful intent to injure Plaintiff. Based on the foregoing, and the clear language of the FCRA, the Court finds that Plaintiff's claims, all of which are Texas state law claims, are preempted, and thus, should be dismissed. Accordingly, the Court finds that Defendant's motion for judgment on the pleadings should be granted.[16]

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Plaintiff's Motion for Leave to File Third Amended Complaint (Document No. 13) is **DENIED**. The Court further

---

[14] *Plaintiff's First Amended Complaint*, Document No. 5 at 2.

[15] The Court notes Plaintiff's repeated references to the Fifth Circuit's holding but further notes that Plaintiff fails to cite a single case in support of his argument outside of the one case, *Young v. Equifax*, 294 F.3d 631 (5th Cir 2002), that he contends is inapplicable here.

[16] Considering the Court's finding that Plaintiff's claims are preempted, the Court declines to consider Defendant's remaining argument related to the merits of Plaintiff's claims.

**ORDERS** that Defendant PNC Bank N.A.'s Motion to Strike and Response in Opposition to Plaintiff's Motion for Leave to File Third Amended Complaint (Document No. 19) is **GRANTED**. The Court further

**ORDERS** that Plaintiff's Third Amended Complaint (Document No. 17) is hereby **STRUCK**. The Court further

**ORDERS** that Defendant's Motion to Strike Plaintiff's First Amended Complaint, Document No. 7, and Motion for Judgment on the Pleadings Pursuant to Rule 12(c) (Document No. 12) is **GRANTED**. The Court further

**ORDERS** that Plaintiff's First, more accurately, Second Amended Complaint (Document No. 7) is hereby **STRUCK**. The Court further

**ORDERS** that Plaintiff's claims against Defendant PNC Bank, N.A. are hereby **DISMISSED**.

SIGNED at Houston, Texas, on this _30_ day of July, 2026.

DAVID HITTNER
United States District Judge